## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BRANDON LUE, | : | |
| Plaintiff, | : | CASE NO. 3:15-cv-633 (VAB) |
| | : | |
| v. | : | |
| | : | |
| NURSE PRINCESS, et al., | : | |
| Defendants. | : | MAY 4, 2015 |
| | : | |

## INITIAL REVIEW ORDER

Plaintiff, Brandon Lue, currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. The complaint was received by the Court on April 29, 2015, and Mr. Lue's motion to proceed *in forma pauperis* was granted on May 1, 2015. The defendants are Nurse Princess, Nurse Eleen L., Dr. Gerard Valletta, Captain Bona, and Warden Henry Falcone.

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550

U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Mr. Lue alleges that, on January 16, 2015, he fell while getting down from the top bunk and injured his back and right knee.  He alleges that he went to Unit Nurse Princess seeking immediate medical treatment for the pain.  Nurse Princess allegedly denied immediate medical treatment and told Mr. Lue to submit a sick call request.  Nurse Eleen L., the sick call nurse, allegedly put Mr. Lue on the list to see a doctor.  She did not prescribe any pain medication.

After three months, Dr. Valletta allegedly ordered Motrin for pain.  He allegedly did not examine Mr. Lue or respond to Mr. Lue's written request.  Mr. Lue alleges that when he confronted Dr. Valletta regarding his condition, Dr. Valletta accused him of harassment and told him that he would not be seen by the medical department.  Mr. Lue states that he filed a grievance but received no response.  He allegedly brought the issue to the attention of Captain Bona and Warden Falcone but still has received no treatment for his knee.

Mr. Lue contends that the defendants were deliberately indifferent to his serious medical needs.  He seeks damages and surgery on his knee.  To establish a claim for deliberate indifference to a serious medical need, Mr. Lue must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind.  *See Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)).  There are both subjective and objective components to the deliberate indifference

standard.  *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged

deprivation must be "sufficiently serious."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The

standard contemplates a condition that may produce death, degeneration, or extreme pain.  *See*

*Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Nance v. Kelly*, 912 F.2d 605,

607 (2d Cir.1990) (Pratt, J., dissenting)).  Subjectively, the defendants must have been actually

aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or

inactions.  *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).  Negligence that would

support a claim for medical malpractice does not rise to the level of deliberate indifference and is

not cognizable under § 1983.  *See id.*  Nor does a difference of opinion regarding what

constitutes an appropriate response and treatment constitute deliberate indifference.  *See Ventura*

*v. Sinha*, 379 F. App'x 1, 2-3 (2d Cir. 2010); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.

1998).

Mr. Lue alleges that he suffered severe pain in his back and knee and that none of the

defendants examined and properly treated his injuries.  At this stage of litigation, Mr. Lue has

alleged sufficient facts to support a plausible inference that he did suffer a serious medical need.

The defendants' failure to provide prompt treatment and pronouncement that he would receive

no treatment in response to his request to be seen allege more than a mere disagreement

regarding treatment.  The deliberate indifference claims will proceed.

In addition, Mr. Lue alleges that he repeatedly informed defendants Bona and Falcone

regarding his problems obtaining medical treatment.  At this stage of litigation, this allegation is

sufficient for the claims against them to proceed.  *See Grullon v. City of New Haven*, 720 F.3d

133, 141 (2d Cir. 2013) (holding that, although insufficient at trial or on summary judgment,

allegations that prisoner informed supervisory officials of his claims is sufficient to state claim

for supervisory liability).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     **The Clerk shall** verify the current work address of each defendant with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** from the date of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The defendants shall file their response to the Complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver form is sent.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

      **SO ORDERED** at Bridgeport, Connecticut, this 4th day of May, 2015.


      /s/ Victor A. Bolden
      Victor A. Bolden
      United States District Judge