UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRANDON LUE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:15-cv-633 (DJS) |
| | : | |
| PRINCESS, ET AL., | : | |
|     Defendants. | : | |

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Brandon Lue, commenced this civil rights action against various medical staff members and correctional officers at Garner Correctional Institution ("Garner") in their individual and official capacities. He asserted claims for deliberate indifference to serious medical needs. The defendants have filed a motion for summary judgment. For the reasons that follow, the defendants' motion is granted.

I.    <u>Standard of Review</u>

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Rule 56(a), Fed. R. Civ. P.; *In re Dana Corp.*, 574 F.3d 129, 151 (2d Cir. 2009). The moving party may satisfy his burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir.

1

2009).  He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).  The nonmoving party "must offer some hard evidence showing that its version is not wholly fanciful."  *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).

II.     Facts[1]

On February 2, 2012, prior to his incarceration, the plaintiff underwent a surgical procedure on his right knee (osteochondritis dissecans repair).  At a follow-up visit in August 2012 the plaintiff reported that he had no complaints.  He stated that he had been jogging and running sprints with no pain.  The plaintiff was incarcerated on August 15, 2013.

Plaintiff's medical records from Garner show visits on January 20, 2015, February 24, 2015, February 27, 2015, and March 10, 2015. None of those records refers to a fall by the plaintiff.  The plaintiff alleges that he slipped and fell while getting down from the top bunk on January 16, 2015, injuring his back and right knee.  The plaintiff's medical records do not indicate that he was seen on that date. During a regularly scheduled meeting with a social worker on January 20, 2015, the plaintiff stated that he was sleeping better and feeling all right.

On March 10, 2015, the plaintiff met with the defendant Nurse Law.  The plaintiff reported that his left knee gave him trouble when he played basketball and walked around.  When

---

[1] The facts are taken from the defendants' Local Rule 56(a)1 Statement and the exhibits submitted by both parties.  Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party.  Each admission or denial must include a citation to an affidavit or other admissible evidence.  In addition, the opposing party must submit a list of disputed factual issues.  D. Conn. L. Civ. R. 56(a)2 and 56(a)3.  Although the defendants informed plaintiff of this requirement, Doc. #40-8, and the Court afforded the plaintiff extensions of time within which to respond, he has not submitted a Local Rule 56(a)2 Statement in opposition to the motion for summary judgment.  Accordingly, the defendants' properly supported facts are deemed admitted.  *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

Nurse Law recommended that he not play basketball, the plaintiff stated that he had to play to keep his weight down.  The plaintiff told Nurse Law that he hit a car while riding a motorcycle when he was younger and underwent surgery on his right knee. Nurse Law requested the name of the surgeon so medical records could be obtained and reviewed.  Nurse Law noted that the plaintiff had been prescribed Motrin 600 mg for back pain and indicated that the Motrin also could help the knee discomfort.

A clinical note dated March 17, 2015, indicates that the plaintiff presented in good spirits and stated that he was doing well. The plaintiff was seen for a scheduled medical evaluation on March 30, 2015. At that time, he indicated he was upset that he had not yet been seen by a doctor in response to requests he submitted due to knee pain. On April 14, 2015, the plaintiff complained that he had been trying to see the doctor since January for knee pain.

A May 5, 2015 medical note from the defendant Dr. Valletta indicates that the plaintiff complained of chronic knee pain as a result of the accident prior to his incarceration.  The plaintiff stated that he experienced knee pain only when bearing weight.  There is no reference in the medical note to a fall from his bunk. Dr. Valletta referred the plaintiff for an x-ray of his right knee, and an x-ray of his right knee was taken on May 7, 2015.

In an Inmate Administrative Remedy Form signed by the plaintiff on May 6, 2015, the plaintiff requested a Health Services Review relating to a fall from his bunk on January 16, 2015 that injured his back and re-injured his right knee. The plaintiff stated further that he had repeatedly filed requests about his back and knee but had not yet seen a doctor.

The disposition of the plaintiff's request, as noted by Dr. Valletta on May 14, 2015, was "no change in treatment." (Doc. # 40-3, at 3). Dr. Valletta explained the reasons for this

disposition as follows: "IM [inmate] erroneously submitted the day after his office visit to address this condition. He agrees to continue Naproxen, [do] ROM [range of motion] exercises [and wear a] knee sleeve." (*Id.*). Valletta further noted that he would follow-up with the plaintiff in six weeks and also had reviewed x-ray results with him. The x-ray results Dr. Valletta reviewed with the plaintiff on May 14, 2015 showed no visible foreign body in the plaintiff's right knee.

On January 16, 2015, the plaintiff already was on medication for back pain, prescribed by Dr. Valletta. Nurse Law told him that this medication also could address his knee pain.

In his Complaint, the plaintiff alleges only one interaction each with Nurse Princess Chandler ("Nurse Chandler") and Nurse Law. He alleges that on January 16, 2015, Nurse Chandler advised him to complete a sick call request, and that Nurse Law subsequently placed his name on the list to see the doctor. Defendants Warden Falcone and Captain Bona are not medical staff members and are not involved in the plaintiff's medical treatment.

III.   Discussion

The plaintiff alleges that the defendants were deliberately indifferent to his complaints of pain. The defendants move for summary judgment on three grounds: (1) the defendants were not deliberately indifferent to a serious medical need; (2) defendants Falcone and Bona were not involved in the plaintiff's claims; and (3) the defendants are protected by qualified immunity.

    A.   Deliberate Indifference to a Serious Medical Need

To state a claim for deliberate indifference to a serious medical need, the plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). There are both

4

objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The condition must be one that may produce death, degeneration or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).  Mere allegations of negligence that would support a claim for medical malpractice do not rise to the level of deliberate indifference and are not cognizable under section 1983.  *See Hathaway,* 99 F.3d at 553.  Nor does a difference of opinion regarding what constitutes an appropriate response and treatment constitute deliberate indifference.  *See Ventura v. Sinha*, 379 F. App'x 1, 2-3 (2d Cir. 2010). While a disagreement over treatment is not cognizable under section 1983, the treatment actually given must be adequate.  *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

In the complaint, the plaintiff alleges that he experienced back pain and right knee pain as a result of the fall from his bunk and that the defendants failed to provide proper treatment.  The defendants first argue that the plaintiff fails to demonstrate that his back or knee pain amounts to a serious medical need. Complaints of severe back pain can constitute a serious medical need. *See, e.g., Guarneri v. Hazzard*, No. 9:06-CV-0985, 2008 WL 552872, at *6 (N.D.N.Y. Feb. 27, 2008) (internal quotation marks omitted) ("[s]evere back pain, especially if lasting an extended period of time, can amount to a serious medical need under the Eighth Amendment"). Knee injuries generally do not constitute a serious medical need, but in some cases allegations of "excruciating pain . . . may be of sufficient severity." *Id.* at *5-6.

To support his claim, the plaintiff has provided a copy of an Inmate Request Form dated January 16, 2015, asking to see a doctor. He states that he " I would really appreciate it if you can put me on the doctor's list[.] I blew my back out and Motrin is not working. … Also I have a problem with my right knee. I have screws in there and it locks up a few times a month." (Doc. # 47, at 3). The plaintiff noted in the request that he had written about these same complaints before. A nurse responded to the request on January 17, 2015, noting that the plaintiff had been placed on the list to see the doctor. Although January 16, 2015 is the date the plaintiff alleges that he fell from his bunk, there is no reference to a fall in the request. The plaintiff provides no evidence supporting his allegations that he fell from the bunk. Instead, the form indicates that the plaintiff is seeking treatment relating to his prior injuries. Any treatment for injuries resulting from the motorcycle accident is not at issue in this action. The defendants do not dispute that defendant Chandler advised the plaintiff to submit a sick call request.

In addition, the medical records show that the plaintiff complained about his left knee on March 10, 2015, when he saw defendant Law. The plaintiff stated that he experienced a problem with his left knee while playing basketball and walking around. He told defendant Law that he injured his right knee in a motorcycle accident prior to his incarceration. The plaintiff alleges in his complaint that he injured his right knee in falling from his bunk, not his left knee. Thus, it does not appear that he sought treatment for injuries from the fall at this visit. Although defendant Law advised him not to play basketball if it caused him knee pain, the plaintiff rejected this advice. Defendant Law noted that the Motrin 600 mg that the plaintiff was taking three times per day for back pain could relieve his knee pain as well.

6

Although back and knee pain can constitute a serious medical need, the pain must be extreme.  The evidence presented indicates that the plaintiff experienced pain in the left knee while playing basketball but refused to stop playing to eliminate the pain.  The record fails to show that the plaintiff made any requests for treatment of pain in his right knee or back caused by a fall from his bunk until he submitted an Inmate Administrative Remedy Form in May 2015.  Thus, the plaintiff fails to present evidence demonstrating a genuine issue of material fact regarding the seriousness of his injury.

The defendants next argue that, even if the plaintiff had a serious medical need, the defendants were not deliberately indifferent to that need.  On September 2, 2014, Dr. Valletta prescribed ibuprofen 600 mg, three times per day for six months to treat plaintiff's back pain.  The prescription was renewed for one month on March 2, 2015, and for one year on April 17, 2015.  (Doc. # 42-3, at 3-4). Dr. Valletta met with the plaintiff on May 5, 2015, and again on May 14, 2015. In the Administrative Remedy Form, Dr. Valletta noted that he had prescribed Naproxen, range of motion exercise and a knee sleeve for the plaintiff.  The plaintiff presents no evidence in opposition to the motion for summary judgment showing that the Motrin 600 mg that he was taking at the time of the alleged fall, or the changes ordered by Dr. Valletta on May 14, 2015, were insufficient to treat his medical needs.  The evidence shows only a disagreement about treatment which is not cognizable under section 1983.  Further, the plaintiff fails to present any evidence showing that Dr. Valletta was aware of the injuries from the alleged fall, as opposed to the injuries from the motorcycle accident, prior to his receipt of the plaintiff's Inmate Administrative Remedy Form.  Thus, the plaintiff has not presented any evidence to satisfy the subjective element of the deliberate indifference standard with regard to Dr. Valletta.

7

The plaintiff alleges in his complaint that he saw the defendant Chandler one time right after he fell from his bunk.  She told him to submit a sick call request.  Although the plaintiff submitted a request the following day, he did not reference any injuries resulting from a fall from his bunk.  At the time of the alleged fall, the plaintiff was taking Motrin 600 mg, three times a day, for back pain.  The plaintiff provides no evidence that defendant Chandler could have done anything else for his medical needs other than recommending the sick call procedure.  Similarly, the plaintiff saw the defendant Law only once but did not complain of injuries to his back or right knee caused by a fall.  Defendant Law put the plaintiff's name on the list to see a doctor and noted that the Motrin he currently was taking could address his knee pain.  The plaintiff fails to present evidence demonstrating that either nurse was deliberately indifferent to a serious medical need resulting from a fall from his bunk.

B.   Personal Involvement

The defendants contend that the plaintiff fails to show that defendants Warden Falcone and Captain Bona were personally involved in the alleged denial of medical care.  The plaintiff alleges that he spoke with defendant Bona and wrote to defendant Falcone seeking medical treatment but neither defendant assisted him.  Health care for Connecticut inmates is provided by Correctional Managed Health Care, a division of the University of Connecticut Health Center.  Wardens and custodial officers have no direct role in health care provided to the inmates within their correctional facility and do not initiate medical treatment decisions.  *See Anderson v. Ford*, Civ. No. 3:06CV1968 (HBF), 2007 WL 3025292, at *3 (D. Conn. Oct. 16, 2007) (findings of fact on motion for summary judgment); *see also* Correctional Managed Health Care Annual Report 2016, http://cmhc.uchc.edu (last visited Nov. 3, 2016) (stating that in 1997 Correctional

8

Managed Health Care assumed responsibility for medical services for Connecticut inmates).

The plaintiff has provided no evidence showing that defendants Falcone and Bona had any authority to provide medical care.  Further, the Court determined above that the plaintiff has not presented any evidence demonstrating that he suffered a serious medical need as a result of a fall from his bunk.  Thus, there is no basis for a deliberate indifference claim against the defendants Falcone and Bona.

IV.     Conclusion

For the reasons stated above, the defendants' motion for summary judgment (**Doc. # 40**) is **GRANTED.**  The Clerk is directed to enter judgment and close this case.

SO ORDERED this 10th    day of November,  2016.

      /s/ DJS
               Dominic J. Squatrito
              United States District Judge